### ANN E. WOOD v. CITY OF GALVESTON.
#### No. 2594.

**1. Sheriff's Return Upon Citation.**—Sheriff's return upon citation showed due service of the writ. In motion to quash the citation it was alleged that in the copy of citation served upon defendant the date of the filing of the petition was given June 22. The term began the first Monday in June. The original gave the date of filing May 22. The copy served was made part of the motion, which was verified by affidavit. *Held*, that the motion was properly overruled. The affidavit of defendant was insufficient to overcome the official return.

**2. Sunday.**—Under the statute (Revised Statutes, art. 1228), * * * "In order to compel the defendant to plead to the return term of the court the citation must have been served at least five days before the first day of such return term, exclusive of the days of service and return," Sunday is counted.

**3. Municipal Taxation.**—It is a familiar principle that the authority conferred upon municipal corporations to exercise the taxing power is to be strictly pursued and must be closely followed.

4.   **Same—Street Improvements.**—In a suit against an abutting land owner for one-third of the expense of street improvements in the city of Galveston, levied against property of the owner, a judgment by default was rendered.   The petition failed to state facts giving the power to make the assessment.   *Held*, that such omission rendered the petition subject to general demurrer; that the default should have been set aside; and that such facts should have been affirmatively alleged.

5.   **Case Adhered to.**—Frosh v. City of Galveston, 73 Texas, 401, adhered to.

6.   **Lien for Street Improvements.**—When in accordance with the charter of a city assessments are made upon the abutting property, and declaring a lien upon such property, such assessment becomes a lien which may be enforced by suit in the District Court.

7.   **Cases Adhered to.**—Roundtree v. City of Galveston, 42 Texas, 613; Allen v. City of Galveston, 51 Texas, 502; and Adams v. Fisher, 63 Texas, 654, adhered to.

APPEAL from Galveston.   Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Trezevant & Franklin*, for appellant.—1.   The court erred in holding as sufficient to authorize the judgment by default the citation stating the date of filing plaintiff's petition to be the 22d day of June, 1888, while the term of the court when defendant is cited to appear is stated to be the first Monday in June, 1888.   Rev. Stats., art. 1215; Leal v. Woodhouse, 2 Ct. App. C. C., sec. 101; Railway v. Ewing, 2 Ct. App. C. C., sec. 122; James v. Proper, 1 Ct. App. C. C., sec. 83; Graves v. Le Gierse, 1 Ct. App. C. C., sec. 812.

2.   The five days which must elapse between the day of service of citation and the first day of the return term must be five secular jurid-ical days, and not five days including Sunday as one of them.   A con-struction applicable to every statute wherein the time limited for a par-ticular purpose is such as must necessarily include one or more Sundays is not to be given to a statute wherein the time limited is less than a week, and which therefore may or may not include a Sunday.   Rev. Stats., art. 1184; Thayer v. Felt, 4 Pick., 354; Bank v. Williams, 46 Mo., 17; Cottrell v. Pub. Co., 88 Mo., 356; Lewis v. Schwer, 15 Mo. App., 342; Scamm v. Chicago, 40 Ill., 146; Holes v. Owens, 2 Salk., 625; Rex v. Elkins, 4 Burr., 2130; 22 Am. Law Rev., 447; 5 Am. and Eng. Encyc., 88.

3.   Plaintiff's petition and plaintiff's charter both show that plaintiff had no jurisdiction over the subject matter of street improvements, and no power to improve its streets at the expense of the abutting lot owner, until and unless plaintiff's city council had, by a vote of two-thirds of the aldermen elected, expressed or declared that they deemed the im-provement in question to be for the public interest.   Plaintiff's petition, not alleging that such a vote was taken, did not show that the city coun-cil had acquired jurisdiction over the subject matter, and did not show a right of action.   White v. Stevens, 10 W. Rep., 861; Whitford v. Prob.

Judge, 53 Mich., 130; Hoyt v. East Saginaw, 19 Mich., 44; Walker v. Potter, 18 Ohio St., 85; Smith v. Toledo, 24 Ohio St., 126; In matter of City of Buffalo, 78 N. Y., 362; In matter of widening Carlton St., 16 Hun, 497; Trans. Co. v. Portland, 14 Ore., 24; Welty on Assess., 276, 288; Hall v. Jackson, 3 Texas, 305; Johnson v. Pierce, 12 Ark., 559.

4. The lien in question can be enforced in no other way than that prescribed by plantiff's charter, which is by an advertisement and sale of the lot by city collector. Plaintiff's charter does not authorize a suit *in rem* to establish and enforce a lien for street assessment. A judicial decree of foreclosure and sale is unauthorized by law and is in contravention of defendant's right of redemption. The Legislature has no power to create a lien by a special law, and the lien in question is a nullity. Charter of Galveston, secs. 96, 129; 2 Sayles' Civ. Stats., arts. 4760, 4758, 4758a; Const., art. 8, sec. 56.

*George P. Finlay,* for appellee.— 1. The affidavit of the defendant alone will not suffice to impeach the return of the sheriff on the citation. There should be two witnesses, or one witness and strong corroborating circumstances. Randall v. Collins, 58 Texas, 231; Driver v. Cobb, 1 Tenn. Ch., 490.

2. The copy of citation appended to defendant's motion which she alleges was served on her was not a record of the court, and the fact as to whether it was the genuine copy of citation served on her in this case should have been attested by another witness, or by other corroborating circumstances, in order to overcome and set aside the return of the sheriff. This was a question of fact for the court, and the court having overruled the motion on the evidence, its ruling will not be set aside. Whittenberg v. Newton, 31 Texas, 475; Randall v. Collins, 58 Texas, 231.

3. Sunday was properly counted in the days between the service of citation and its return. O'Connor v. Towns, 1 Texas, 109; Hyde v. White, 24 Texas, 141; Dickson v. Burke, 28 Texas, 117.

4. A petition subject to special exception but good on general demurrer will sustain a judgment by default, and a judgment by default admits every allegation in the petition except as to the amount of damages. Bledsoe v. Wills, 22 Texas, 650; Graves v. Drane, 66 Texas, 658; Mason v. Slavin, 1 Ct. App. C. C., sec. 11, and authorities; Sayles' Civ. Stats., art. 1282, note 7.

5. The allegation that the tax was imposed, levied, and assessed is sufficient, without stating all the facts constituting a legal assessment. Lockhart v. City of Houston, 45 Texas, 323.

6. In the absence of a statement of facts it will be presumed that every fact necessary to sustain the judgment was established by evidence. Wallace v. Bogel, 62 Texas, 636; Heidenheimer v. Ellis, 67 Texas, 426.

7. The District Court has exclusive jurisdiction of all suits for the

foreclosure of liens on land.   Const., sec. 8, art. 5; Rev. Stats., art. 1117.

8.   The city charter gives the city council authority to improve its streets by paving, etc., and makes the actual cost, when imposed, levied, and assessed, a lien on the abutting property.   City Charter, secs. 127, 128, 129.

ACKER, PRESIDING JUDGE.—The city of Galveston brought this suit against Mrs. Ann E. Wood to recover $458.66, alleged to be one-third of the cost of filling, grading, and paving Twenty-third Street in front of a lot belonging to defendant and abutting on said street, and to foreclose a lien on the lot for the sum sued for.

The petition was filed on the 22d day of May, 1888, and citation was served on defendant on the 29th day of the same month.   The court convened on the 4th day of June, 1888, and on the 8th day of that month, the defendant having failed to answer, judgment by default was entered, and the cause passed for the assessment of damages by the court.

On the 11th day of June defendant filed a motion to quash the citation and set aside the judgment on the ground that the citation served on her required her to appear at a court to be holden on the first Monday in June to answer a petition stated therein to have been filed on the 22d day of the same month.   The motion was under oath, and the copy of the citation attached to the motion, and alleged to be the one delivered to defendant, recited that the petition was filed on the 22d day of June.

This motion was overruled, and on the 12th day of June the court assessed the damages and rendered judgment final for the sum of $483.12, interest and costs, and that the lien claimed by plaintiff be foreclosed and the lot sold to satisfy the judgment.

On the 14th day of June defendant filed a motion to set aside the judgment on the ground that the petition shows that "the city council of the city of Galveston has authority to grade, shell, repair, pave, or otherwise improve any street or alley in said city, only when by a vote of two-thirds of the aldermen elected they may deem such improvement for the public interest, and said petition does not allege that such vote was ever taken or made by said city council," and said petition is therefore insufficient to support a judgment by default.

On the 19th day of June defendant filed an amended motion on the grounds that the amount in controversy was not within the jurisdiction of the District Court, and that the court had no jurisdiction to enforce a lien created under and by authority of the charter of the city of Galveston.

The motions were overruled, and the defendant appealed.

The first assignment of error is:  "The court erred in holding as sufficient to authorize the judgment by default the citation stating the

date of filing plaintiff's petition to be the 22d day of June, 1888, while the term of the court when defendant is cited to appear is stated to be the first Monday in June, 1888."

The original citation recited that the petition was filed on the 22d day of May, 1888, and the sheriff's return thereon shows that it was executed on defendant by delivering to her in person a true copy of the original.

The motion and affidavit of defendant were insufficient to overthrow the sheriff's return, and the court did not err in so holding. Randall v. Collins, 58 Texas, 231; Gatlin v. Dibrell, 74 Texas, 36.

The next assignment of error is: " The court erred in holding as sufficient to authorize the judgment the citation served on defendant on the 29th day of May, 1888, and that said citation was served five days, as contemplated and required by law, before the first day of the return term, to-wit, the 4th day of June, 1888, and that such service was sufficient in law to compel defendant to appear and answer at a term of the court beginning on the 4th day of June, 1888.'"

Under this assignment it is contended that the five days prescribed by statute to intervene between the service of citation and the first day of the term to which it is returnable must be five secular days.

The language of the statute is: "Article 1228. The citation shall be served before the return day thereof; and in order to compel the defendant to plead at the return term of the court the citation must have been served at least five days before the first day of such return term, exclusive of the days of service and return."

Under the Act of December 22, 1836 (1 Laws of Texas, 201), which simply provided that the citation "shall be executed at least five days before the return day thereof," it was held that there must be five intervening days, exclusive of the days of service and return. O'Connor v. Towns, 1 Texas, 107.

By the Act of March 16, 1848, the statute was amended so as to exclude from computation both the days of service and return, in conformity with the decision in O'Connor v. Towns, and such has been the statute ever since.

From the beginning the statutes of Texas have declared Monday to be the day for beginning the terms of courts, and we think if the Legislature had designed that five secular days should intervene between the day of service and the return day of the writ, the law would so declare. The unvarying construction of the statute has been that service of citation on Tuesday before the return day on the Monday following is sufficient to require appearance of the defendant at the return term. To sustain the view contended for by appellant we think would be to disregard the long established construction of the statute, and to add to it in contravention of the obvious intent of the Legislature. Dickson v. Burke, 28 Texas, 118; Williams v. Downes, 30 Texas, 52.

The next assignment of error is: "The court erred in holding that plaintiff's petition was not insufficient in law to support the judgment, in not alleging that the city council of the city of Galveston had, by a vote of two-thirds of the alderman elected, indicated that they deemed the improvement in question to be for the public interest."

To sustain a judgment by default the petition on which it was rendered must be good on general demurrer—that is, it must contain averments which, in terms or by reasonable intendment, would admit evidence of every fact essential to be proven to authorize the judgment.

The petition in this case contains the following averments: "That by virtue of its charter the said city, at the times and dates hereinafter named, was invested with full power and authority to grade, shell, repair, pave, or otherwise improve any street or alley, or any portion thereof, within the limits of said city, whenever, by a vote of two-thirds of the aldermen elected, they may deem such improvement for the public interest; provided, the city paid one-third and the owners of the property two-thirds thereof, except the intersection of streets, which was to be paid by the city alone; said two-thirds of said costs to be paid by the owners of the property fronting on said thoroughfares, to be assessed on or against said property, and collected by the city whenever such improvement is completed and accepted by the city council of said city.

"2. That the charter of said city provided that the city council, before beginning any such improvement, shall, for the purpose of acquiring the most reliable information practicable of the probable cost thereof, cause an estimate to be made of said probable cost by the city engineer, and report a full list of all fronting lots or fractional lots, with number and size of same, and number of block in which situated, and the names of the owners thereof, and such other information as may be required by the city council; and that said officer shall enter in said list, opposite each lot or fractional lot lying and being on each side of the street, avenue, or alley the improvement whereof is contemplated, one-third of the estimated expense of such work or improvement on such avenue, street, or alley fronting, adjoining, or opposite such lot or fractional lot; that thereupon the council shall determine whether the said work or improvement should be made, and proceed accordingly; that when said work or improvement is ordered by the council, and shall have been completed, the council shall cause an accurate report of the cost thereof to be made by said officer; that, as part of said report, said officer shall present a list of the lots or fractional lots lying and being on each side of the street, avenue, or alley so improved, and upon such list of lots or fractional lots shall be entered opposite each lot or fractional lot one-third of the actual cost and expense of such work or improvement on said avenue, street, or alley fronting, adjoining, or opposite such lot or fractional lot; that upon the acceptance and approval of said report and list by the city council, said

amounts shall be imposed, levied, and assessed by the city council on said lots or fractional lots, respectively, and that the same should be a lien on the property until paid.

"3.   That heretofore, to-wit, on the 4th day of April, 1887, the said city council adopted a resolution declaring that Twenty-third Street should be improved by filling, grading, and paving same from Avenue K to Avenue N, in the city of Galveston, and ordering the city engineer to make a survey and estimate of the cost of said improvement in accordance with the charter and ordinances."

It appears from the provisions of the charter set out in the petition that to authorize the improvement, and fixing one-third the cost of it as a charge against the abutting property, the city council must have declared by a vote of two-thirds of the aldermen elected that they deemed the improvement for the public interest; then caused an estimate to be made by the city engineer of the probable cost of the improvement, and then upon the estimate so furnished by the engineer the council should have determined upon making the improvement.

It appears from the petition that the first step taken by the council was to adopt a resolution declaring that the improvement should be made, and ordering the city engineer to make a survey and estimate of the cost.

It is not alleged that two-thirds of the aldermen elected voted at any time to make the improvement, nor is it alleged that the determination to make the improvement was upon the engineer's report and estimate of its cost.   It is not even alleged in general terms that the resolution declaring that the improvement should be made was adopted in conformity to the requirements of the charter.

It is a familiar principle that the authority conferred upon municipal corporations to exercise the taxing power is to be strictly construed and must be closely followed.   Burr. on Tax., 372, 471; Frosh v. City of Galveston, 73 Texas, 409.

We think the requirement of the charter, as stated in the petition, that the improvements should not be made unless two-thirds of the aldermen elected should vote therefor, a very important requirement, and a condition precedent to fixing one-third of the cost of such improvement as a charge against the abutting property; and we also think that it should be affirmatively shown that the aldermen had so voted.

In the case of Frosh v. City of Galveston, *supra*, it was decided that the engineer's report of the probable cost is a condition precedent to the exercise of the power to order the improvement made.   It does not appear from the petition that that condition was performed, but on the contrary, it does appear that the improvement was determined upon without such report and estimate of probable cost.   We think that proof of every act alleged in the petition to have been performed by plaintiff

would not sustain the judgment, and that the court erred in refusing to set it aside.

Under the eighth and ninth assignments it is urged that the court did not have jurisdiction of the case, because (1) the amount in controversy was less than $500, and (2) the court had no jurisdiction to foreclose a lien created under and by authority of the charter of the city of Galveston.

We think the questions here presented have been settled by previous decisions adverse to appellant.

In the cases of Roundtree v. City of Galveston, 42 Texas, 613; Allen v. City of Galveston, 51 Texas, 302; and Adams v. Fisher, 63 Texas, 654, the power to create the lien against abutting property for its proportion of the cost of improvements upon the streets, as provided by the charter of the city of Galveston, was recognized and sustained. The District Court alone has jurisdiction of suits for the enforcement of liens against land.

Because of the insufficiency of the petition, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted February 18, 1890.