RESERVE LOAN LIFE INS. CO. v. BENSON et al. (No. 5299.)

(Court of Civil Appeals of Texas. San Antonio. May 20, 1914.)

1. PRINCIPAL AND AGENT (§ 22*) — EVIDENCE OF AGENCY—ADMISSIONS—DECLARATIONS.

In an action on a note given to the agent of an insurance company for the first premium on a policy, the application for which was rejected, and transferred by the agent to plaintiff, in which the maker prayed for judgment against the insurance company for any sum due on the note, where it was not only proved that the alleged agent was the agent of the company, but it was, in effect, admitted by the company in its answer, his declarations that he was the company's agent were admissible.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSIONS OF EVIDENCE.

In an action on a note given to an insurance agent in payment of the first premium on the policy, the application for which was rejected, and transferred by him to plaintiff, in which defendant asked judgment against the insurance company, the error, if any, in admitting the agent's declarations that he was the company's agent was harmless, where the witnesses testifying to such declarations further testified that he took their notes for the first premiums, and that the company sent policies to them, since, if he was authorized to take notes in cases accepted, he must have been authorized in all cases.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. INSURANCE (§ 198*)—REJECTION OF APPLICATION—PREMIUMS—LIABILITY OF COMPANY.

That a rejected applicant for insurance, who had given the agent his note for the first

premium, allowed the agent to apply to another company for insurance did not cancel the first company's debt for the money received by its agent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. § 198.*]

**4. JUDGMENT (§ 16*) — DEFAULT — RIGHT OF PARTY IN DEFAULT TO JUDGMENT.**

A party against whom a defendant by a cross-action sought to recover judgment, who did not enter an appearance, was not entitled to a judgment in his favor, if the cause of action alleged against him was not subject to general demurrer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 22, 24; Dec. Dig. § 16.*]

**5. PLEADING (§ 147*)—CROSS-ACTION—SUFFICIENCY OF PLEADING.**

A cross-action must contain allegations which, given every reasonable intendment, would justify evidence of facts essential to be shown to obtain a judgment.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 147.*]

**6. JUDGMENT (§ 101*)—DEFAULT—PLEADING TO SUSTAIN—CROSS-ACTION.**

In an action on a note by an indorsee, defendant alleged that the note was given to an insurance agent in payment of a premium on a policy, the application for which was rejected, and prayed judgment against the insurance company for any sum due on the note. The insurance company by a cross-action alleged that defendant was a negro; that the agent had no authority to take an application from a negro or to take his note; but that he did so, and cashed the note, and gave a part of the proceeds to R. as a commission for aiding in getting the application with the understanding that no commission was allowed on rejected applications. *Held,* that the allegations of the cross-action would not support a default judgment against R., since, if the agent had no authority to receive the application, he had no authority to employ R. to assist him in getting the application, or to agree to give him a part of the premium, and the company was therefore not a party to the contract between the agent and R., and could receive no benefit therefrom.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. § 101.*]

**7. JUDGMENT (§ 101*) — DEFAULT — PLEADING TO SUSTAIN—CROSS-ACTION.**

In determining the sufficiency of the allegations of a cross-action to support a default judgment against a third party, the evidence on the trial of the action against defendant could not aid the pleadings in the cross-action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. § 101.*]

**8. APPEAL AND ERROR (§ 877*) — HARMLESS ERROR—JUDGMENT IN FAVOR OF PARTY IN DEFAULT.**

Where the allegations of defendant's cross-action did not justify a default judgment against a third party, it could not complain of a judgment in favor of the third party on the ground that he had not answered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

**9. INSURANCE (§ 198*)—AGENT'S AUTHORITY—CONSTRUCTIVE KNOWLEDGE.**

A negro who applied for insurance in an Indiana corporation and gave his note for the first premium to the agent, was not charged with notice that the company's constitution and by-laws provided only for the insurance of white people.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. § 198.*]

Appeal from Bee County Court; T. M. Cox, Judge.

Action by the First State Bank of Skidmore against J. E. Benson and others. From a judgment in favor of the other defendants, the defendant Reserve Loan Life Insurance Company appeals. Affirmed in part, and reversed and dismissed in part.

Chas. Troy and H. Snodgrass, both of Beeville, for appellant. Beasley & Beasley and J. Ed. Daugherty, all of Beeville, for appellees.

FLY, C. J. The First State Bank of Skidmore sued J. E. Benson on a promissory note for $243, payable to George W. Walker or order, indorsed by Walker to the bank. Benson admitted the execution, and that it was before maturity, for a valuable consideration, indorsed and delivered to the bank, and further alleged that he had executed the note to Walker, who was the agent of appellant, in payment of a premium on a life policy for $5,000, that his application was rejected, and no policy was obtained by him, and he prayed that appellant be made a party, and that he have judgment against appellant for any sum due on the note. Appellant denied the authority of Walker to take a note for the premium or to take an application from a negro, Benson belonging to the negro race; that Walker had been instructed by it to repay the money, and that he had paid $177.60 to the bank which should be credited on the note, that the remaining $65.40 had been paid Frank Russek, for his assistance in procuring the policy, and prayed for judgment against him for that amount. The cause was tried without a jury, and judgment was rendered in favor of the First State Bank as against J. E. Benson for the sum of $138.02, in favor of the latter as against appellant for the same sum, and that appellant recover nothing from Frank Russek. This appeal was perfected against Benson and Russek by appellant.

[1, 2] The first and second assignments of error complain of proof of the declaration of Walker that he was the agent of appellant. It was not only proved that Walker was the agent of appellant, but it was, in effect, admitted by appellant in its answer. There is no denial that Walker was its agent to solicit insurance, and his agency was shown by the fact that several parties applied through him for insurance and obtained policies. The declarations were admissible under the facts in this case, but, if they had not been, they could not have injured appellant. The witnesses not only testified that Walker represented himself to be appellant's agent, but that he took their notes for the first premiums, and appellant sent the policies to them. If he was authorized to take notes for the first premium in cases accepted, he must have been authorized in all cases.

[3] The fact that Benson may have allowed Walker to apply to another company for insurance did not cancel appellant's debt for money received by its agent. If a policy in another company had been obtained, and Benson had accepted it in lieu of his money, there would be some ground for appellant's contention, but no policy was obtained, and appellant's agent did not return Benson's money.

[4, 5] The record in this case fails to show that Russek answered in the court below, and in the motion for new trial appellant alleged as a reason why the judgment in favor of Russek was erroneous the fact that he had not answered in the cause. We must conclude, therefore, in spite of judgment being rendered in his favor, that he did not enter an appearance in the lower court, and consequently was not entitled to a judgment in his favor, if a cause of action is alleged against him in appellant's cross-action which is not subject to general demurrer. That is, the cross-action must contain allegations which, given every reasonable intendment, would justify evidence of facts essential to be shown in order to obtain a judgment. Wood v. Galveston, 76 Tex. 126, 13 S. W. 227; Kimmarle v. Railway, 76 Tex. 686, 12 S. W. 698.

[6-8] In the answer of appellant it was alleged that Walker had no authority to take the application from a negro, and that Benson was a negro; that Walker had no authority to take the note from Benson, but that he did so, and cashed the note and gave $65.-40 to Frank Russek as a commission for aiding in getting the application from Benson with the understanding "that no commission was allowed on rejected applications." If it be true, as alleged by appellant, that Walker had no authority to receive the application, he had no authority to employ any one to assist him in getting the application, and had no authority from appellant to make an agreement to give him a part of the premium. The allegations of the answer make out a contract between Walker and Russek to which appellant was not a party, and from which it could receive no benefit. To the allegations alone we must be confined, in ascertaining whether the pleadings would justify a judgment by default. No information can be used aliunde the pleadings, and, under that test, the answer would not have justified a judgment by default. Kimmarle v. Railway, herein cited. We cannot by any reasonable intendment read into the answer that Walker was acting for appellant in his contract with Russek, because his authority to take any action in regard to the Benson application is expressly denied, and, while it appears from the evidence that Walker was acting as the agent of appellant in taking the application, that cannot be looked to in aid of the pleading. It follows, if the pleadings did not justify a judgment by default

against Russek, that appellant has no cause to complain of any judgment in favor of Russek, on the ground that he did not answer. Appellant does not claim that there should have been a judgment of dismissal as to Russek, instead of one in his favor, nor that a judgment should have been rendered in its favor against Russek, but merely that judgment should not have been rendered in his favor in the absence of an answer.

In the fourth assignment of error it is not claimed that there was any privity between appellant and Russek, or that Russek agreed to return the commission to Walker or appellant, but that he agreed to return it to Benson.

[9] Not only was it alleged in appellant's answer that Walker was not authorized to solicit insurance from a negro, but that its constitution and by-laws provided for the insurance of white people only, and that every person dealing with it was charged with knowledge of that fact. We fail to see how a Texas negro, although, as alleged by appellant, he "knew that he was a negro," could have any idea that an insurance company hailing from Indianapolis, Ind., would refuse to insure a man made a citizen by amendments to the federal Constitution which were favored and voted for by the state of Indiana. There is no testimony tending to show that appellant did not insure persons of the negro race, and of course Benson could not be charged with a knowledge of something which did not exist.

The judgment is affirmed, except as to Russek, and, as to him, it is reversed and dismissed.