In this case the court below, in the exercise of a sound discretion, took under advisement the general and special demurrers urged by the plaintiff, town of Pleasanton, against the answer of the defendant, Vance, and thereupon proceeded to a trial of the cause upon the merits. At the conclusion of the trial, at which the parties were permitted to introduce all evidence offered, the court, "after duly considering the pleadings, the evidence, and the law," entered a judgment sustaining the general and special demurrers to the answer of the defendant, and in favor of the town against Vance, for taxes and penalties alleged to have accrued during the years 1917, 1918, 1919, and 1920, against certain described property belonging to Vance. The latter has appealed.
The manner of disposing of the cause below was perhaps unusual, but not unheard of, and we take it that the sustaining of demurrers at the conclusion of the apparently full trial, followed by a judgment on the merits in favor of the town, amounted to no more than a rendition of judgment upon the evidence, and that the action upon the demurrers became immaterial. The purpose of *Page 458 
affirmative pleadings is to put one's adversary upon notice and to render admissible the evidence of the pleader's cause of action or defenses. So, when the court admits and considers all such evidence tendered under such pleadings, the pleader is not prejudiced by the subsequent action of the court declaring the pleadings insufficient for the purposes pleaded.
Appellant attacks the validity or applicability to this case of section 6, chapter 13, Gen. Laws 2d Called Sess. 38th Leg. p. 31, art. 7689a, in which it is sought by legislative enactment to restrict defendants in suits for collection of delinquent taxes to the defenses: (1) That the defendant was not the owner of the land at the time suit was filed, (2) that the taxes sued for have been paid, or (3) are in excess of the limit allowed by the law, in which case such defense shall apply only to such excess. These questions were raised by exceptions to appellant's answer, which exceptions, as we have shown, were sustained at the close of a full trial, in which appellant was permitted to present all his defenses, including some not permitted under the act mentioned. Since he was permitted to prove his defenses, the subsequent action of the court sustaining exceptions to the allegations of those defenses became immaterial, and for that reason the assignments raising these questions will be overruled.
Municipal corporations, functioning under the general laws of the state, have no power to levy or collect taxes upon property within their territorial limits, except such power as may be expressly delegated to them by the Constitution or statutes. Dillon, Mun. Corp. §§ 573, 1402; Cooley, Tax. p. 547. The grant of such power must be strictly construed, and the power itself strictly pursued. If there is a doubt as to the existence of the power under the grant, it will be denied; if there is doubt as to the extent of the power, it will be restricted until the doubt is excluded. The books are full of reasons for these restrictions, which have always existed.
If, in delegating this power to the municipality, the statute lays down the manner in which, or mode by which, it shall be exercised, then that manner and mode must be strictly pursued by the municipality in order to give validity to its acts. Dillon, §§ 575, 576, 1402; Wood v. Galveston,76 Tex. 132, 13 S.W. 227; Frash v. Galveston, 73 Tex. 409, 11 S.W. 402.
The town of Pleasanton functions under the general laws, and its power to levy, assess, and collect taxes is derived from the grant thereof in chapters 6 and 7 of title 22 of the Revised Statutes. In these statutes it is expressly provided that the levy, assessment, and collection of taxes shall be "by ordinance."
No set form of ordinance is prescribed by the statute (chapter 4, title 22), except that they shall all be styled, or begin with, "Be it ordained by the city council of the city of _____" (article 818), which requirement, or substantial compliance therewith, is held to be mandatory. Railway v. Harris (Tex.Civ.App.), 36 S.W. 776.
The provision that the levy and assessment shall be "by ordinance" is mandatory, and failure to provide therefor in that mode is fatal to the proceeding, which is rendered void by the omission. Earle v. City of Henrietta, 91 Tex. 301, 43 S.W. 15; City of Bryan v. Page, 51 Tex. 532, 32 Am.Rep. 637; Bank v. City of Ennis (Tex.Civ.App.) 50 S.W. 632; City of Waco v. Prather (Tex.Civ.App.) 35 S.W. 958; Miller v. State, 44 Tex.Cr.R. 99, 69 S.W. 522.
To be an "ordinance," within the meaning of the statute, the procedure must be more than a mere verbal motion made, adopted, and entered on the minutes, more than a mere resolution subsequently reduced to writing by the secretary. It must be reduced to writing before being acted on by the council. It must be invested, not necessarily literally, but substantially, with the formalities, solemnities, and characteristics of an ordinance, as distinguished from motions and simple resolutions. Am. Const. Co. v. Seelig, 104 Tex. 16, 133 S.W. 429; Am. Const. Co. v. Davis (Tex.Civ.App.) 141 S.W. 1019; Bank v. City of Ennis, supra; City of Waco v. Prather, supra; Miller v. State, supra.
It is also held that it is incumbent upon a municipality, in a suit to enforce the payment of taxes, to prove the fact of the levy by introducing in evidence the ordinance by which the levy was made, and, it being necessary to prove it, it is by the same rule necessary, in response to exceptions, to allege it. Earle v. City of Henrietta, supra; Dawson v. Ward, 71 Tex. 72, 9 S.W. 106; Greer v. Howell, 64 Tex. 688.
The provisions we have set forth, and the strict construction thereof, are intended to safeguard the citizen against hasty and ill-considered legislation affecting his property and property rights, and which will be invoked to charge him with debt and divest him of his property, in event of his default in the payment of the debt. And, while it is true that the burdens of government should be equally distributed upon all citizens, according to their ability to bear it, and none should be permitted to shirk, yet nevertheless the government must proceed surely and justly in levying these burdens in strict accordance with the laws of the land.
In the case in hand the town council had before it, or should have had before it, the statutes prescribing the mode of procedure for the levy, assessment, and collection of taxes to support the municipality. There is nothing particularly intricate or confusing in the mode thus prescribed, substantial *Page 459 
compliance with its requirements was obligatory upon the council, and failure to so comply with it was fatal to the procedure. It was incumbent upon the town, by pleadings and evidence, to show such compliance in order to entitle it to enforce the collection of the taxes under the levy and assessment for each of the several years in controversy. It has not done so in this case, as to all of the years, and for that reason the judgment in its favor must be reversed. The town practically concedes its failure, since it makes no reply to the specific assignments of error of appellant, or the statements thereunder, cites no authorities in its own behalf, and discusses none of those cited by appellant.
The judgment is reversed, and the cause remanded.
 On Motion for Rehearing.
The town of Pleasanton insists that this court should pass upon the validity of section 6, c. 13, Gen. Laws 2d Called Sess. 38th Leg. p. 31, art. 7689a, in which it is sought by legislative enactment to restrict defendants in suits for collection of delinquent taxes to the defenses: (1) That the defendant was not the owner of the land at the time suit was filed, (2) that the taxes sued for have been paid, or (3) are in excess of the limit allowed by the law, in which case such defense shall apply only to such excess. It is urged by counsel, and with reason, it is true, that, as the question of the validity of this act is so interwoven with the cause of action here asserted and contested that the decision thereof will ultimately control the disposition of the case, the question ought to be determined at this juncture, so that the parties may thereafter proceed with assurance. We have said, and now reaffirm, that although the question is fairly raised on this appeal, its decision is not essential to the disposition of the appeal, and we hesitate to go out of our way to pass upon a question of such importance as the validity of a statute admittedly far-reaching in its purpose and effect.
If the statute has the effect of depriving the property owner of defenses vouchsafed to him under the due process or other provisions of the state or federal Constitutions, then, of course, to that extent the legislative act is void and ineffectual. For instance, if a town or city should levy and assess and endeavor to collect taxes upon property situated without the corporate limits of the municipality, then clearly the property owner could plead and prove that fact as a defense in a suit brought against him to enforce collection of the taxes, notwithstanding the statute in question precludes such defense.
So, also, would such statute be ineffectual to cut off an injured property owner from showing that a tax is materially out of proportion to the value of the property taxed, or that it was not equal and uniform with the taxes assessed against like property of others, because these defenses are guaranteed to the citizen in article 8, § 1, of the state Constitution, in which it is provided, that "taxation shall be * * * uniform," and that all property "shall be taxed in proportion to its value."
Nor can the injured property owner be cut off by statute from showing, in such suit, that the taxable value of his property has not been ascertained by the authority or in the manner provided by law, because this right also is vouchsafed to him in the Constitution, in section 1 of article 8, which provides that the taxable value of property "shall be ascertained as may be provided by law." It was in obedience to this provision that the Legislature provided the present method, embraced in title 22, of the Revised Statutes, for ascertaining the taxable values of property, and the constitutional guaranty follows the method thus prescribed. It is the duty of the constituted authorities to pursue that method in ascertaining the taxable value of property, and the owner may invoke these statutory provisions to defeat a suit to force him to pay taxes not ascertained as thus provided, notwithstanding a subsequent statute which would deny him such defense. We have stated rules which we think are obvious and elemental. They ought not to be difficult to apply in this case.
Appellee complains that we held in the original opinion that the levy in 1917 was not made by proper ordinance. We did not intend to so hold, although the language used in the opinion in that connection was inapt and sometimes misleading, for, in saying that the town council had not complied with the statute in levying taxes "as to all the years," in controversy, we meant to say "as to some of the years," which may or may not mean the same thing, according to the way it is read.
Appellee's motion for rehearing will be overruled. *Page 460