

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947



This Opinion
Overrules Op...
# O- 4357

Hon. J.P. Williams
County Attorney
Yoakum County
Plains, Texas

Opinion No. V-284

Re: Voting of County Park tax and
issuance of Time Warrants to be
paid therefrom.

Dear Sir:

We quote your letter of June 16, 1947 in part as follows:

"I would like to have your opinion as to whether
Yoakum County has authority to issue interest-
bearing time warrants for the purpose of construct-
ing swimming pools and bathhouses in the county
parks of Yoakum County. The applicable Statute is
Article 6078.

"The factual situation is as follows: On April
16, 1946, the Commissioners' Court of Yoakum County
called an election to be held on May 18, 1946 to de-
termine the following proposition:

" 'Whether or not the Commissioners' Court of
Yoakum County, Texas shall be authorized to
levy an annual ad valorem tax not to exceed five
cents on a one hundred dollar valuation of all
taxable property within said county for the
purpose of constructing, maintaining and oper-
ating public parks within said county; one park
to be located in the vicinity of Plains, and
one to be located in the vicinity of Denver
City.'

"The notice of the election was posted in each
of the election precincts in the county on April
24, 1946.

"The election prevailed by more than a two-
thirds (2/3) majority vote."

After the above-quoted matter you set out in your let-
ter a copy of the notice of intention to issue time warrants,
which you state was published in accordance with the Bond and
Warrant Law of 1931 (Article 2368a, V.C.S.).

We do not have sufficient facts before us to determine whether the election was held in accordance with the requirements of law. However, at the outset we are confronted with the question whether, in view of the proposition above-quoted, the tax authorized by Article 6078, V.C.S., was legally submitted to and ratified by the property taxpaying voters of the county.

The first paragraph of Article 6078 provides as follows:

"Each Commissioners Court is authorized to levy and collect a tax not to exceed five (5) cents on each one hundred dollars assessed valuation of the county for the purchase and improvement of lands for use as county parks. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property taxpaying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. If said court desires to establish two or more of such county parks, they shall locate them in widely separated portions of the county. Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the free use of the public under such reasonable rules and regulations as said court may prescribe." (Emphasis added)

It will be noted that the purpose for which the tax may be levied is for the "purchase and improvement of lands for use as county parks." However, the purpose as set out in the proposition is for "constructing, maintaining and operating public parks." In other words, the statutory purpose was not included in the proposition submitted to the qualified voters. Moreover, it is our opinion that the purpose as voted upon does not come within the statutory purpose, and that the election is to be held for naught.

It is well established in law that the authority to exercise the taxing power is to be strictly construed and must be closely followed.

In the case of State ex rel. Rea et al. v. Etheridge, et al., 32 S.W. (2) 828 (Com. App., opinion adopted by Sup. Ct.), the court held as follows:

". . . The power to tax carries with it the possible exercise of it to impose oppressive burdens upon the people, and when this power is legally appropriated by the governing authority of a municipal corporation, the record must affirmatively show, by a strict construction of the language used, that the power has been lawfully acquired. . . ."

See also Wood v. City of Galveston, 76 Tex. 126, 13 S.W. 227; City of Austin v. Nalle, 85 Tex. 520, 22 S.W. 668, 960.

Article 6078 authorizes the tax upon a vote of a two-thirds majority, for the purchase and improvement of lands for use as county parks. It is obvious that this tax would come out of the constitutional permanent improvement tax (Article VIII, Sec. 9). The purpose as set forth in the proposition submitted to the voters specified a different purpose, to-wit: constructing, maintaining and operating public parks. The operating or current expenses of a county park would, in our opinion, be payable out of the general fund of the county rather than the permanent improvement fund. It is evident, therefore, that a constitutional tax, other than the one covered by Article 6078, was attempted to be authorized at the election held on May 18, 1946. You are, therefore, advised that it is the opinion of this department that the qualified property taxpaying voters of Yoakum County did not authorize the tax for the purchase and improvement of lands for use as county parks, within the contemplation of Article 6078 at the election held on that date. It, therefore, becomes unnecessary to determine whether the legal requirements relating to the posting of notices, the conduct of the election, the canvassing of the returns, etc., were met.

This department has heretofore determined that the construction of a swimming pool is a park improvement under Article 6078. See copies of Opinions Numbers O-2594 and O-7319. These opinions hold that time warrants may be issued against the tax mentioned in Article 6078 is such tax is authorized within the terms of that article. Lasater v. Lopez, 217 S.W. 373; Adams v. McGill, 146 S.W. (2) 332 (W.E. Ref.).

You are, therefore, advised that if Yoakum County authorizes the tax in accordance with the provisions of Article 6078, time warrants may be issued against such tax for park improvement purposes, which improvement would consist of the construction of swimming pools and bathhouses in the county parks of Yoakum County.

You are further advised that it is our opinion that such a notice as the one outlined in your letter would meet the requirements of Sections 2 and 3 of Article 2368a. Of course, notice is required for each contract in excess of $2,000.00.

## SUMMARY

1. Article 6078, V.C.S., authorizes the submission of the proposition to the qualified property taxpaying voters of a county which would authorize the commissioners' court of that county to levy and collect a tax not to exceed five (5) cents on each one hundred dollars assessed valuation of a county for the purchase and improvement of lands for use as county parks. A proposition wherein the purpose was specified as "constructing, maintaining and operating public parks within said county", does not meet the terms of Article 6078, since it includes "maintenance and operation" and was not limited to permanent improvements.

2. If the terms of Article 6078 are met and the commissioners' court is legally authorized to levy and collect such tax, time warrants may be issued against that tax for park improvement purposes, which improvements could consist of the construction of swimming pools and bathhouses in the county parks.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/George W. Sparks
George W. Sparks
Assistant

GWS:s:jrb:


APPROVED
s/Price Daniel
ATTORNEY GENERAL