

# The Attorney General of Texas

August 14, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles F. Aycock
Parmer County Attorney
P. O. Box 286
Farwell, Texas 79125

Opinion No. JM-338

Re: Whether the city of Bovina may charge home owners and business owners a flat fee for maintenance of a police department

Dear Mr. Aycock:

You ask whether the city of Bovina, a city incorporated under the general laws, may assess a $6 charge against all home owners and business owners in Bovina. The charge would appear on monthly utility bills, and the proceeds would be used to finance the city's police department. You also ask whether the city could discontinue utility services to persons who do not pay the charge.

The facts set out in your letter make clear that the $6 charge is intended to raise revenue, not to cover the expenses of providing utility services. Thus, in imposing the charge, the city is acting in its governmental capacity, not in its proprietary capacity. See Hatten v. City of Houston, 373 S.W.2d 525 (Tex. Civ. App. - Houston 1963, writ ref'd n.r.e.) (explaining that when a municipality furnishes utility services, it acts in its proprietary capacity and is obliged to serve its customers at reasonable and nondiscriminatory rates). Because any charge or fee imposed by a municipality for the purpose of raising revenue is considered a "tax," we must characterize our inquiry as whether the city of Bovina has authority to use the method of taxation you describe. County of Harris v. Shepperd, 291 S.W.2d 721 (Tex. 1956).

Municipalities functioning under the general laws have no inherent power to tax. They possess only those taxing powers that the legislature or the constitution expressly grants them. Vance v. Town of Pleasanton, 261 S.W. 457, 458 (Tex. Civ. App. - San Antonio 1924), holding approved, 277 S.W. 89 (Tex. Comm'n App. 1925, judgmt. adopted). The basic method of taxation by Texas municipalities is the ad valorem tax. 22 I. Singer, Texas Practice §871 (1976). See V.T.C.S. arts. 1026 and 1027. The Texas Legislature has also authorized general law municipalities to use various other methods of taxation. See, e.g., V.T.C.S. arts. 1028, 1031, 1066c. We find no statutory authority, however, for the method of taxation that you describe in your letter. Thus, the $6 charge against all home owners

and business owners is not a proper method for raising revenue to support the police department.

In view of our response to your first question, we do not address your second question.

## S U M M A R Y

A general law municipality has no authority to raise revenue by charging each home owner and each business owner in Bovina a flat fee.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk