## Missouri, Kansas & Texas Railway Company of Texas et al. v. A. C. McGlamory.

### No. 445. Decided June 17, 1897.

#### Mandate—Statute—Emergency.

The Act of May 22, 1897, amending article 976, Revised Statutes, so as to permit mandate to issue from the Supreme Court without payment of costs, on affidavit of inability, though containing an emergency clause, did not take effect until ninety days after adjournment, by reason of its failure to receive a vote of two-thirds of the members in the House of Representatives.

Motion in Supreme Court to require the clerk thereof to issue a mandate.

The opinion reversing the judgment and remanding this cause for trial is reported in 89 Texas, 635.

*Carlock & Powell,* for motion.

*Stanley, Spoonts & Thompson,* contra.

GAINES, CHIEF JUSTICE.—At our last term the judgments rendered in this case by the District Court and the Court of Civil Appeals were here reversed and the cause remanded. The clerk of this court has withheld the mandate for the reason that the defendant in error has not paid the costs adjudged against him by the court. Under the existing law, the clerk is authorized to issue the mandate only upon payment of the costs. Rev. Stats. 1895, art. 976. At the regular session of the present Legislature a statute was passed which so amends the article cited as to make it the duty of the clerk to issue the process, provided the party against whom the costs are adjudged shall make affidavit of his inability to pay the costs or to give security therefor, unless the fact of such inability shall be contested, in which event the court shall determine the question. The defendant in error, acting evidently upon the theory that the amendment took effect from its passage, has filed an affidavit of his inability to pay or secure the costs, together with a motion that the clerk be ordered to issue the mandate. The amendatory act contains the emergency clause, and provides that it shall "take effect and be in force from and after its passage." Section 39 of article 3 of the Constitution provides that: "No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless, in case of an emergency, which emergency must be expressed in a preamble, or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

In the senate, the bill received the votes of twenty-one members, which was two-thirds of those elected to that body, but upon the final passage in the house the ayes were seventy-eight and the noes eight. The members of the house are 128 in number, and the bill having passed that body with less than eighty-six votes in its favor, it does not take effect until the expiration of ninety-days after the 21st day of May last, the day on which the regular session was finally adjourned. The motion is overruled.

*Motion overruled.*