### DRAWDY v. ATLANTIC COAST LINE R. R. CO.

INJURY AT CROSSING.—Whether it is gross negligence for one waiting at a station to become a passenger to go on the other side of the track and recross after hearing one short sharp blast of the whistle depends on the distance to be covered in recrossing and upon the objects surrounding the crossing and is ordinarily for jury.

Before DANTZLER, J., Colleton, April, 1906. Affirmed.

Action by W. P. Drawdy, executor of M. A. Drawdy, against Atlantic Coast Line Railroad Co. From order overruling demurrer, defendant appeals.

*Messrs. W. Huger FitzSimons* and *Mordecai & Gadsden,* for appellant. *Mr. FitzSimmons* cites: *Plaintiff's endeavor to cross track was reckless:* 67 S. C., 364; 72 S. C., 389; 7

Ency., 2 ed., 433, 435, 436, 438; 114 U. S., 615; 80 Mo., 335; 47 S. C., 375; 65 S. C., 232; 63 S. C., 271.

*Messrs. J. G. Padgett* and *Howell & Gruber,* contra, cite: *Failure to ring bell or blow whistle for 500 yards before reaching crossing is negligence per se:* 53 S. C., 124; 41 S. C., 1; 47 S. C., 375; 58 S. C., 227; 47 S. C., 381; 63 S. C., 494. *Gross or wilful negligence is part of defense and for jury:* 9 S. C., 20; 20 S. C., 495; 25 S. C., 59; 30 S. C., 218; 47 S. C., 375; 45 S. C., 181. *Whether given rate of speed is negligence is for jury:* 53 S. C., 224.

October 19, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The Circuit Judge overruled a demurrer to the foregoing complaint interposed on the ground that it failed to state facts sufficient to constitute a cause of action: "1st. In that it appears upon the face thereof that the injury complained of was not caused by the negligence of the defendant; and 2d. That the contributory negligence on the part of the plaintiff's intestate was the proximate cause of the alleged injury."

There are several exceptions, but they all raise the question whether it is *per se* such negligence as will prevent a recovery for personal injuries or death for one to undertake to cross a railroad track at a crossing after he has heard one blast of the whistle of an approaching train. The statute not only requires that the signal shall be given at least five hundred yards from the crossing, but that the ringing of the bell or sounding of the whistle shall be continued until the crossing is passed or the train brought to a stand still. One of the purposes of requiring the signal to be continued is to give notice of the location of the train and the rapidity of its approach, especially when, as is alleged in this case, it cannot be seen on account of a curve or other obstruction.

If it be true, as alleged, that the only signal was one short, sharp blast of the whistle, then the defendant violated the

law.   The statute provides that if the continued signals pre-
scribed are not given, "the corporation shall be liable for all
damages caused by the collision * * * unless it be shown that
in addition to a mere want of ordinary care, the person
injured, or the person having charge of his person or prop-
erty, was, at the time of the collision, guilty of gross or
wilful negligence, or was acting in violation of the law; and
that such gross or wilful negligence or unlawful act con-
tributed to the injury."

The instances are no doubt rare where it is not negligence
to undertake to cross a railroad track in front of a train
known to be approaching at ordinary speed.   But whether
it is gross negligence for one waiting at a station to become
a passenger to go on the other side of the track and
recross after hearing the first signal of the approach of a
train presumed to be given at a distance at least five hundred
yards, depends on the distance to be covered by such passen-
ger in recrossing, and perhaps other circumstances.   *Kirby*
v. *Railway Co.,* 63 S. C., 494, 41 S. E., 165.   There are no
particulars of the accident alleged in the complaint showing
on their face gross or wilful negligence on the part of the
deceased, W. P. Drawdy in attempting to cross the track.
The question of negligence on his part is, therefore, for the
jury.

The judgment of this Court is, that the judgment of the
Circuit Court be affirmed.