**STATE ex rel. REA et al. v. ETHERIDGE et al.**

No. 1225—5592.

Commission of Appeals of Texas, Section B.
Nov. 26, 1930.

Edward J. Hamner and P. Edward Ponder, both of Sweetwater, for plaintiffs in error.

John E. Sentell and J. M. Harris, both of Snyder, for defendants in error.

SHORT, P. J.

This is a quo warranto proceeding instituted by the state acting through the duly authorized district attorney on the relation of a number of resident taxpayers of the town of Hermleigh in Scurry county, against certain de facto officers of the municipality of Hermleigh who claimed to constitute its governing body, consisting of the mayor and five aldermen.

It was alleged that the town of Hermleigh was incorporated June 21, 1927, as a town under the general laws, and was so incorporated on November 4, 1927, with the above officials as its governing body. This allegation seems to be conceded by the respondents. On the last-named date the mayor and five of the aldermen held a session of the town council at what the trial court found to have been a regular meeting of such council, which finding was approved by the Court of Civil Appeals, though the relators contended that the meeting was a special one. At this meeting of the town council there was a so-called ordinance passed under suspension of

the rules by a vote of three of the aldermen, adopting the provisions of title 28, R. S. 1925 (articles 961–1269); one of the aldermen voting "no" on the proposition, and the remaining aldermen not voting. The proceedings of this meeting, duly recorded on the minutes of the town council, show this without contradiction. The so-called ordinance recited that it was passed by a two-thirds vote of the council. Judgment was rendered denying the relators any relief by the district court trying the case without the intervention of a jury, from which an appeal was duly prosecuted to the Court of Civil Appeals of the Eleventh District, where the judgment of the trial court was affirmed. 20 S.W.(2d) 808. A more comprehensive statement of the case is made in the opinion of the Court of Civil Appeals, but in the view we have taken of the law of the case, a further statement by us is not necessary.

Upon application being made to the Supreme Court, and upon consideration thereof, the application was "granted on the first assignment in the application"; that assignment being as follows:

"The district court and the Court of Civil Appeals erred in holding that the words 'by a two-thirds vote of the city council' contained in Article 961 Rev. Stats. 1925, meant a two-thirds vote of the city council present and voting."

The ordinance in question accepting the provisions of title 28 recites the presence of five members of the city council and the mayor, and that three of said members voted "aye," one voted "no," and one declined to vote, and that the mayor did not vote; that while and when the council had before it for its consideration the matter of adopting the provisions of title 28 of the Revised Civil Statutes relating to cities and towns, Alderman Etheridge introduced an ordinance and moved its passage; that the motion was seconded by Alderman Fergason, and after the vote had been taken the mayor declared that the ordinance had been passed by a vote of two-thirds of the council. The ordinance seems to be in proper form, and the only question necessary to be determined is whether the ordinance as passed had the legal effect of changing the corporation of the town of Hermleigh from its previous status to a status fixed by the provisions of title 28. The respondents claim that the language of article 961, Revised Civil Statutes of Texas 1925, wherein it is provided that any incorporated city, town, or village may accept the provisions of title 28 of said statutes by a two-thirds vote of the council, means a two-thirds vote of the members of the council, *present and voting, a quorum being present.* The relators claim that this language means a two-thirds vote of the council, and not a two-thirds vote of the members of the coun-

cil present and voting, a quorum being present.

■ ■ The public policy of Texas as indicated both by organic as well as statutory law is, generally speaking, that when a proposition is presented to impose additional burdens upon the people by taxation, to submit the proposition to a vote of the qualified voters to be affected by such proposed increase of taxation. The instances evidencing this public policy are so numerous and extend over such a period of time that an enumeration thereof by us in this opinion would be superfluous. However, there are exceptions to this general rule in which occasionally this power is vested by statute law in some governing body composed of several persons, but the courts in passing upon the language with reference to these exceptions universally hold that the language must be strictly construed and the means prescribed by the law to exercise the taxing power must be closely followed.

For instance, the Acts of 1881, pp. 115, 116, c. 103, provided that "the municipal government of the city shall consist of a city council composed of the mayor and two aldermen from each ward, a majority of whom shall constitute a quorum for the transaction of business, except at called meetings or meetings for the *imposition of taxes, when two-thirds of a full board shall be required,* unless herein otherwise specified."

Again, by the provisions of the Acts of 1875, p. 256, it was provided that the city council should have power at any time to remove any officer of the corporation elected by it by resolution declaratory of its want of confidence in such officer; provided that *two-thirds of the aldermen elected* voted in favor of said resolution.

The same act, in section 12 thereof, provided that the city council should be composed of the mayor and aldermen; that the mayor should be president of the council, and in case of a tie vote on any question, he should give the casting vote.

■ The same act, in section 25 thereof, provided that the mayor and aldermen shall constitute the *city council* of the city. The same act, in section 149 thereof, authorized the council to remit fines and penalties and to impose conditions for such remission by a vote of *two-thirds of the members present.* The town of Hermleigh, through its governing body, by virtue of the law under which it is incorporated, on June 21, 1927, could only levy and collect taxes to the extent of 25 cents on the $100 valuation of all property therein for current expenses, and an additional 25 cents on the $100 valuation for the purpose of constructing or the purchase of public buildings, waterworks, sewers, and other permanent improvements within the limits,

and a tax not exceeding 15 cents on the $100 valuation for the construction and improvement of the roads, bridges, and streets of such town. By virtue of the provisions of title 28 the power of the town council of the town of Hermleigh to levy and collect a maximum amount was greater than it had previously had the power to do, and if the proceedings of November 4, 1927, are valid, then the town council of Hermleigh was invested with power to levy taxes in a greater sum upon the people of the town than it possessed before these proceedings were had. This seems to have been conceded by the respondents upon the trial of the case. Article 1026 and article 1027, R. S. 1925. Article 1033 of the Revised Statutes of 1925, which is a part of the act of 1875, provides that *no tax shall be levied unless by consent of two-thirds of the aldermen elected.* Celaya v. City of Brownsville, 203 S. W. 153. This was an opinion rendered by the Court of Civil Appeals, in which writ of error was refused by the Supreme Court. Article 1145, title 28, of the present law, declares that the mayor and three of the aldermen shall constitute a quorum for the transaction of business, which quorum shall have the power to enact such ordinances which shall be deemed *proper for the government of the corporation.* These words so italicized evidently mean that the corporation should have the power as it then existed given it by existing law. They do not authorize such a quorum to pass an ordinance of the character and scope involved in this case, except and unless the words "two-thirds vote of the council" mean two-thirds of those present and voting, a quorum being present. If the language of article 961 "two-thirds of the council," is synonymous with the words "two-thirds of the council present and voting, a quorum being present," then the construction placed upon this article by the respondents is a correct one. If these words are not synonymous, then the construction placed upon the language of the statute "two-thirds vote of the council" by the relators is correct. We have no doubt that the construction placed upon this language by relators is a correct one, and that the addition of the words "present and voting, a quorum being present," is a limitation upon the strict construction of the language of the statute without the addition of these words. The word "council," as used in this language, means exactly what it says; it means the council which the law says consists of five aldermen in so far as the exercise of the power is concerned, in the absence of a tie vote between the aldermen.

■ ■ The respondents correctly contend that where any particular act is required to be done by a specified vote, the rule is *generally* held to be that proportion of vote of those constituting the quorum to do business.

McQuillin on Municipal Corporations, vol. 2, § 596, p. 1306. To hold otherwise would nullify the practical application of article 1145. The governing body does not mean, generally speaking, all the members of such body elected and qualified. It only means such a number of the governing body as under the law constitute the quorum authorized to speak for the governing body. This is true in a general sense, but it is not true as applied to the language under discussion used in article 961 for the reason we have indicated. In Ex parte Farley, 65 Tex. Cr. R. 405, 144 S. W. 530, Presiding Judge Davidson of that court said:

"It may be stated as a correct general proposition that towns and cities have no power except such as granted by the Legislature, unless set out in the Constitution, and, wherever there is a doubt of the authority of municipal corporations, that doubt is resolved most strongly in favor of the state and against the municipal corporation. Flood v. State, 19 Tex. App. 587; Ex parte Ginnochio, 30 Tex. App. 584, 18 S. W. 82."

This language in substance was construed by Chief Justice Gaines in M. K. & T. Ry. Co. v. McGlamory, 92 Tex. 151, 41 S. W. 466, wherein he held that the expression by a "vote of two-thirds of all the members elected to each house" meant exactly what the language clearly imported, and not two-thirds of the members present and voting, a quorum being present. The phrase "council of such city," under the facts of this case, means the five aldermen acting in session assembled, within the legitimate scope of the city's business, and does not mean three or four of such aldermen so acting, who, under the law in such instances, might constitute a quorum for the transaction of ordinary business.

In the case of Wood v. City of Galveston, 76 Tex. 132, 13 S. W. 227, 229, where the charter required the proposition attempted to be carried demanded a vote of two-thirds of the aldermen elected, and where the petition did not allege this fact, it was held bad on demurrer, the court saying in that case:

"It is a familiar principle that the authority conferred upon municipal corporations to exercise the taxing power is to be strictly construed, and must be closely followed. Burroughs, Tax'n, 372, 471; Frosh v. City of Galveston, 73 Tex. 409, 11 S. W. 402."

The court also makes this statement in that connection:

"We think the requirement of the charter as stated in the petition, that the improvements should not be made unless two-thirds of the aldermen elected should vote therefor, a very important requirement, and a condition precedent to fixing one-third of the cost of such improvement as a charge against

the abutting property; and we also think that it should be affirmatively shown that the aldermen had so voted."

In the case under discussion it affirmatively appears that while there were five aldermen present and participating in the meeting, as a general proposition, when this particular proposition was submitted to a vote by the mayor, only three of the five indicated by their votes that they were in ·favor of it. The other two did not so indicate, one of them indicating his disagreement with those who had voted in favor of the proposition, while the other did not indicate whether he agreed or disagreed with them, and as said by the Supreme Court in Wood v. City of Galveston, as above quoted, we think that it should be affirmatively shown that two-thirds of the *council* had voted in ·favor of the proposition, and in the absence of such a showing, it was the duty of the mayor, under the law, to have declared that the proposition had failed to carry, and that the ordinance had not ·passed.

The rule is that where the act must be done by a distinct proportion of all members of a governing body, the law should be construed by counting the whole membership of the body in question. McQuillin on Mun. Corp. § 626, note 92, § 627, note 98.

In 43 C. J. p. 526, § 812, it is said:

"Where the manner of enacting ordinances is prescribed by statute or charter, the provisions are very generally considered mandatory, and the power must be exercised in the manner prescribed or the ordinance will be void."

Chief Justice Gaines, in City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S. W. 735, in effect declares that the rule stated in Corpus Juris is the rule in Texas.

However, if no text-writer, and no appellate court had ever discussed the proposition, in view of the public policy of this state on the subject, we would feel bound to give to the language in article 961 "council of such city," under the facts of this case, which are not contradicted, the construction which we have indicated, and to hold as an original proposition that this language must be strictly construed, and the means prescribed by law must be closely followed, to exercise the taxing power by virtue of title 28. The statute says that the town council shall be composed of five aldermen, and, strictly construing this language, there is no escape from the conclusion that the word "*council*," as thus used in that connection, means the five aldermen having the power to vote on propositions, and it was necessary in this instance, in order to enact a valid ordinance on this proposition, that two-thirds of the five aldermen should have been shown by the record affirmatively to have voted in favor thereof. A contrary holding would be, in the face of the public policy of the people of this state, often and unmistakably declared. The power to tax carries with it the possible exercise of it to impose oppressive burdens upon the people, and when this power is legally appropriated by the governing authority of a municipal corporation, the record must affirmatively show, by a strict construction of the language used, that the power has been lawfully acquired. The words quoted from article 961 mean, in our opinion, under the facts in this case, the same as though the language had read "two-thirds vote of the members of the council *elected* of such city, town, or village." Redmond v. Sulphur, 32 Okl. 201, 120 P. 262. It is inconceivable to us that the Legislature intended the additional powers given municipal corporations adopting the provisions of title 28 to levy and collect taxes by virtue of article 961, in the light of the public policy of this state upon the subject, by a vote of less than two-thirds *of all the members composing the governing body of such corporations.*

We therefore sustain the first assignment of error, and as ·this disposes of the case, we do not discuss the other assignments of error in the application.

We recommend that the judgments of the district court and of the Court of Civil Appeals be reversed, and that judgment be rendered declaring that the town of Hermleigh is not entitled to exercise the powers conferred upon municipal corporations adopting the provisions of title 28 of the Revised Statutes of 1925.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.