**STATE ex rel. OSBORNE et al. v. CITY OF McALLEN et al.**

**No. 8956.**

Court of Civil Appeals of Texas.
San Antonio.

Dec. 21, 1932.

Rehearing Denied Jan. 25, 1933.

Eugene N. Catlett, of McAllen, and Carl & Leslie, of Edinburg, for plaintiffs in error.

E. A. McDaniel and T. O. Mitchell, both of McAllen, for defendants in error.

FLY, C. J.

This is a quo warranto action instituted by Oliver C. Aldrich, district attorney of Seventy-Ninth judicial district, for the state, upon the relation of R. H. Osborne and other citizens, to declare an extension ordinance of the bounds of the city of McAllen null and void and to prevent any attempt to collect taxes in the extended bounds or performing other acts of authority over same. The court denied all the relief sought and held the ordinance of the city of McAllen extending its boundaries is legal and binding. The following facts were found by the trial court and are adopted by this court, as its conclusion of facts:

"McAllen was a duly incorporated city and had duly adopted charter bringing it under chapter 13, title 28, of the Statutes of Texas, known as the home rule amendment.

"In pursuance of its Charter provision it did on November 3rd, 1927, pass an ordinance bringing in the territory in question and after having advertised the same in the names and for the length of time as requested by its Charter that the said ordinance became final and the territory described in Plaintiffs' petition was declared to be a part of and embraced in the territorial limits of the City of McAllen, that the proposition was not submitted to the vote of the people.

"A part of such new territory lies within Hidalgo County Irrigation District No. 3, and the balance thereof in Hidalgo County Water Control and Improvement District No. 1. And the same is subject to a tax levy in each of said districts.

"All of the territory embraced in said extension is suitable for city purposes. The most of the territory embraced in said extension has been cut up into additions to the City of McAllen and was, at the time of said extension, and maps thereof made, showing the same to be divided into city lots and blocks, streets and alleys. A great many city residences are and were built in this addition. In 1920 McAllen was a city of about 5000 population and had for its city limits 1 mile square, in 1927 it had reached a population of about 9000 people. The territory taken in lies immediately adjacent to said city and is in every way suitable for city purposes."

Article 3, section 17, Charter of McAllen, is as follows: "When an ordinance has been passed by a majority vote of the board of Commissioners present and voting and signed by the mayor, it shall be deemed a law." The facts are that the ordinance assailed was passed on November 3, 1927, and went into effect thirty days after publication. The final passage of the ordinance took place thirty days after publication, on May 21, 1927. At the meeting when the ordinance was finally passed there were present four commissioners and the mayor. Two of them voted in favor of the ordinance, one against, and the other did not vote. The mayor declared the passage of the ordinance by a majority of the commission. The section of the charter herein copied provided that an ordinance should become a law when a majority of the board, present and voting, voted for the ordinance, As before stated, a ma-

jority of the board present and voting cast their ballots for the ordinance. The charter construes itself and is too plain for discussion. There is nothing in the charter compelling every member of the board present to vote, and it would do violence to the plain language of the section. Two-thirds of the members voted for the ordinance. The case of State ex rel. et al. v. Etheridge et al. (Tex. Com. App.) 32 S.W.(2d) 828, turned on the language of article 961, Rev. St. 1925, which required a two-thirds vote of the city council, and there is a difference between that statute and the section of the charter in question. The statute required a two-thirds vote of the council; the charter required a two-thirds vote of the members present and voting. We hold that the ordinance was duly adopted by the board of commissioners of the city of McAllen. The first and second propositions are overruled.

■ The mayor declared the ordinance carried and entered no protest against it, which would amount to an approval. It cannot be deemed necessary to the validity of an ordinance that it should be copied out of the minutes and signed by the mayor, but an approval of the minutes would amount to a signature to each ordinance. No proof was introduced to show that the minutes were not signed by the mayor. In the absence of such proof, it will be presumed that he signed and approved the minutes. The signature of the mayor was a mere clerical act and not essential to the validity of the ordinance.

■ The fourth and fifth propositions are overruled. The change in the boundaries by a second ordinance did not constitute an admission that the original ordinance was wrong. Such a proposition refutes itself. There is no strength in the claim that the two ordinances are conflicting, and if it were true it would not invalidate the original ordinance.

The judgment is affirmed.