

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXWILL WILSON
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. 0-5171A
Re: Whether resort may be had to
the journals of the legislature
to determine the effective date
of an act.

In our opinion No. 0-5171 we were confronted with a situation in which the journals of the legislature reflected that a bill containing an emergency clause had passed both houses of the legislature with the two-thirds record vote required to make it effective immediately, but in which the enrolled bill itself showed, through the certificate of the Secretary of the Senate, that the bill had passed the Senate only by a viva voce vote. In that opinion we held that the "enrolled bill rule" governs this situation and that the journals cannot be employed to contradict the recital of the vote as contained in the enrolled bill. Further consideration of this problem has convinced us that we were in error in this portion of opinion No. 0-5171, and said opinion is hereby overruled insofar as it is in conflict with the following discussion.

The "enrolled bill rule" has been stated by our courts in extremely broad language. Thus, for example, in the case of Ellison v. Texas Liquor Control Board, 154 S. W. (2) 332 (error refused), quoted in our prior opinion, the Court said that the enrolled bill "constitutes a conclusive record of the passage of the act as enrolled", and added that where the certificate of the Secretary of the Senate stated that the Senate had receded from certain amendments to the act in question "it must be conclusively presumed that the Senate receded in a timely and proper way". If such language could be considered apart from its context and be given a literal interpretation, extrinsic evidence could not be used to contradict any fact affirmatively stated in the enrolled bill, and our prior opinion would stand unchallenged. However, we find that such an interpretation is not permissible.

Section 39 of Article III of our Constitution provides:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

In the case of Ewing v. Duncan, 16 S. W. 1000 (1891) our Supreme Court, in applying this section of the Constitution to a situation akin to the one under consideration, said:

"This act was passed March 5, 1891, and took effect from its passage. There is a manifest error in the certificate of the Secretary of the senate attached to the bill; and, since the printed laws will probably contain the certificate as written, we think it proper to call attention to it. It reads as follows: 'I certify that the within named H.S.S.B. No. 15 passed the senate by 2/3 vote; yeas 24, nays 24. March 5th, 1891.' We have caused the senate journal to be examined as being the best evidence of the actual vote upon the passage of the bill and find that it received largely more than a two-thirds majority. For this action there is ample authority. 1 Whart. Ev. § 290, and cases cited, especially Ottwaw v. Perkins, 94 U. S. 260."

In Williams v. Taylor, 19 S. W. 156 (1892), the Supreme Court explained Ewing v. Duncan as follows:

"In Ewing v. Duncan, (Tex. Sup.) 16 S. W. Rep. 1000, the question was not whether the bill had passed, but whether it had been carried by a sufficient majority to put it in immediate effect. The signatures of the presiding officer and the governor attested the passage of the act, but did not determine that it had taken effect from the date of its passage. There being no method of attesting the fact that a bill which purports to take effect from

its passage has received the required two-thirds majority, we deemed the journals the best evidence upon that question, and looked to them for that purpose only."

A like explanation was made in El Paso & S. W. R. Co. v. Foth, 100 S. W. 171, reversed on other grounds, 105 S. W. 322.

In Railway v. McGlamory, 92 Tex. 150, 41 S. W. 466, it appears that the Supreme Court turned to the journals of the legislature to determine the effective date of an act, but the propriety of this action was not discussed by the Court. In Ellison v. Texas Liquor Control Board, supra, we find the statement: "The (district) court by its judgment found that the vote in question was duly entered upon the journals. The contention of appellants that the act will not be effective until ninety days after adjournment is therefore overruled." While in neither of these cases does it appear that the certificate on the enrolled bill differed from the record in the journal, yet the cases do imply that the journals are determinative of the vote upon emergency legislation.

An examination of the cases involving the "enrolled bill rule" reveals that in each instance where the rule has been applied the facts sought to be shown by the journals have been facts which are not required by the Constitution to be included in the journals. Thus, for example, virtually all of the cases involving the rule, including the leading case of Williams v. Taylor, supra, have involved attempts to employ the journals to show that bills have not been referred to committees or have not been read on three several days, and the journals are nowhere required by the Constitution to show the occurrence of either of these facts. Likewise, in Ellison v. Texas Liquor Control Board, supra, the attempt was to show that the Senate had never receded from its prior amendments to a House bill; again, such fact is not required by the Constitution to be shown in the journals.

On the other hand, we find no case where the "enrolled bill rule" has been invoked to prevent recourse to the journals to ascertain facts which are required by the Constitution to be shown on such records. Indeed, notwithstanding the rule, our courts have on several occasions allowed the journals to be used to establish such facts. Thus, in Hunt v. State, 3 S. W. 233 (1886) since Section 38 of Article III of the Constitution requires that the presiding officers of the legislature sign all bills and joint resolutions in the presence of their respective bodies and that the fact of such signing be entered on the

journals, the Court of Appeals permitted recourse to the journals to establish such fact. In the case of In re Tipton, 13 S. W. 610 (1890) the same Court reconciled its action with the "enrolled bill rule" as follows:

"In Hunt v. State, 22 Tex. App. 396, 3 S. W. Rep. 233, this court held that where the constitution expressly requires that the journals shall show a particular fact or action of the legislature in the enactment of a statute, as that a bill was signed by the presiding officer of each house, such fact or action must affirmatively appear in the journals, or the statute will be invalid. But, where there is no express constitutional requirement that the journals shall show affirmatively that a constitutional requirement has been observed, it will be conclusively presumed that such requirement was observed; and neither the journals, nor any other evidence, will in such case be allowed to impeach the validity of the statute."

In Williams v. Taylor, supra, the Supreme Court said, with respect to the Tipton case, "the well-considered opinion in that case fully accords with our views", while in Holman v. Pabst, 27 S. W. (2) 340 (1930) (error refused) the decision and the opinion in the Tipton case were again approved. Likewise, in H. & T. C. R. R. Co. v. Odum, 53 Tex. 343 (1880), since the Constitution requires that the vote upon a bill vetoed by the governor be entered upon the journals, the journals were deemed determinative of the question of whether a bill was properly passed over the governor's veto.

Since the requirement that the vote upon emergency legislation be entered in the journals is expressly contained in the Constitution, it is our opinion that the instant situation falls under the above authorities rather than under those which expound and apply the "enrolled bill rule", and you are respectfully advised that the journals of the legislature are the ultimate and determinative authorities on the question of whether or not the required two-thirds vote has been received. Under this conclusion the bill in question became effective immediately upon its passage and approval and no corrective measures are required to effect this result.

Trusting that the foregoing rectifies the error in our prior opinion and fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:mp

APPROVED MAY 24, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

This Opinion
Considered
and Approved
in Limited
Conference