Mueller, Mueller, Grun & Legan, San Antonio, for appellees.

**CITY OF ALAMO HEIGHTS**

v.

**GERETY et al.**

No. 12624.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 27, 1954.

Rehearing Denied Feb. 24, 1954.

POPE, Justice.

This suit concerns the statutory construction of certain words in Article 1011e, Vernon's Ann.Civ.Stats. Mr. and Mrs. B. S. Gerety undertook to rezone certain property they own in the City of Alamo Heights. Their application was denied by the Planning and Zoning Commission of that City and they appealed to the City Council. Alamo Heights operates under the general laws of the State of Texas and its council consists of five aldermen. To effect their desired rezoning it was incumbent upon appellees to obtain "the favorable vote of three-fourths of all the members of the legislative body of such municipality." Article 1011e, supra. Whether they obtained the necessary favorable vote is the question in this case.

At the time of the hearing all five aldermen were present, but one alderman disqualified himself by reason of interest, and participated in no part of the hearing. That the disqualification facts existed was stipulated between the parties. Of the four remaining aldermen, three voted favoring the rezoning application and one voted to deny it. The Mayor declared that the application to rezone failed, since it did not obtain three-fourths of all the members of the legislative body. The trial court held that the application did obtain the required vote. The question before us is whether, in the face of the disqualification, the statute requires three-fourths of five or only three-fourths of four votes.

The applicants reason that the trial court ruled correctly, because the statute means that they must obtain three-fourths of all the membership of the legislative body as it existed at the time the action was taken. They concede that the law compels a count of all members, whether present or absent, as well as any who were present but did not vote. They reason, however, that the membership of the legislative body may be reduced by death, resignation or disqualification. They rely upon disqualification in this case and urge that the four qualified members constituted "all the members of the legislative body" insofar as their application was concerned. The City of Alamo Heights reasons that there were five aldermen and though one was disqualified, that fact did not reduce the total membership of the legislative body.

Some statutes, in stating a necessary vote, contemplate an irreducible number of positions, a full and unreduced complement of the total body. That result is achieved in the case of a statute which refers not only to all the members, but also adds words to show it speaks of the total number of positions which always remains constant. This is illustrated by cases which have construed provisions requiring a specified fraction of a whole body "elected." When the word "elected" is added, the cases have held that the total number of positions which constitutes that body is irreducible for any cause. Missouri, K. & T. Ry. Co. v. McGlamory, 92 Tex. 150, 41 S.W. 466; Wood v. City of Galveston, 76 Tex. 126, 132, 13 S.W. 227, 229; Board of Com'rs of Town of Salem v. Wachovia Loan & Trust Co., 143 N.C. 110, 55 S.E. 442; Kidder v. Mayor of Cambridge, 304 Mass. 491, 24 N.E.2d 151; Nesbitt v. Bolz, 13 Cal.2d 677, 91 P.2d 879; State ex rel. Wilson v. Willis, 47 Mont. 548, 133 P. 962; State ex rel. Peterson v. Hoppe, 194 Minn. 186, 260 N.W. 215; Missouri Pac. Railroad Co. v. State of Kansas, 248 U.S. 276, 39 S.Ct. 93, 63 L.Ed. 239. As regards such cases, even a vacancy does not reduce the total number included in the body.

Other statutes are construed to contemplate the full number of positions composing the entire body, but permit a deduction from that number for each instance of vacancy in an office or position. State ex rel. Peterson v. Hoppe, 194 Minn. 186, 260 N.W. 215, 217; State ex rel. Wilson v. Willis, 47 Mont. 548, 552, 133 P. 962, 964; 62 C.J.S., Municipal Corporations, § 404f. The best illustration of this category of cases is a Texas case, Nalle v. City of Austin, 41 Tex.Civ.App. 423, 93 S.W. 141, 145. The ordinance there in question required a vote of a "majority of the members of the whole council." The City of Austin operated under a special charter under which 14 aldermen were elected. A majority of fourteen is eight. However, one of the aldermen died, leaving only thirteen. A proposed ordinance obtained seven votes, which is a majority of thirteen but not a majority of fourteen. The court, in holding that a "majority of the members of the whole council," as reduced by the death creating a vacancy, was seven rather than eight, said:

"The 'whole council' referred to means the whole board of aldermen, as distinct from a quorum thereof. Substantially similar provisions were so construed in Mills v. Gleason, 11 Wis. 470. As said above, our view is that the legislative council then consisted of the 13 aldermen, with the mayor authorized to exercise the ordinary func-

tions of a presiding officer over a deliberative body. The death of one member reduced the board to 13, as we do not think that vacant position should be reckoned in determining what constitutes a majority of the board. Seven being a majority of the whole board or council, as then constituted, it follows that the ordinance levying the tax for 1901 received the necessary majority without the vote of the mayor."

It is significant that in the Nalle case, in computing the number comprising the "members of the whole council," one member was counted though absent, whereas the deceased member was not counted at all. State ex rel. Rea v. Ethridge, Tex. Com.App., 32 S.W.2d 828, is the authority relied upon by appellant, but we do not regard that case as holding contrary to the Nalle case. The Ethridge case construed the words, "by a two-thirds vote of the city council," and held that the term could not mean a two-thirds vote of the members of the city council present and voting. Out of five members, three voted favoring an ordinance, one voted against it, and one was present and did not vote. One charged with the burden of obtaining a required number of affirmative or favorable votes does not discharge it by non-votes and negative votes of members composing the body. Who and how many persons composed the Austin City Council was not the question in the Ethridge case, for there was no death, resignation, or disqualification as to any council position. The case held only that five members constituted the city council.

We adhere to the rule stated in the Nalle case, and that leaves only the matter of determining whether a disqualification, complete and admitted, is treated as a vacancy. The point is one that has rarely arisen, but the cases that have discussed the problem have treated disqualification as though it were a · vacancy. Meixell v. Borough Council of Borough of Hellertown, 370 Pa. 420, 88 A.2d 594; McLean v. City of East St. Louis, 222 Ill. 510, 78 N.E. 815;

Bowman v. Gum, Inc., 327 Pa. 403, 193 A. 271; Board of Com'rs of Town of Salem v. Wachovia Loan & Trust Co., supra, says [143 N.C. 110, 55 S.E. 444]:

"In South Carolina it is held that where, of 18 managers (a board constituted to try a certain election), appointed by the Legislature, 2 refused to qualify, 1 was disqualified and 1 was dead at the time the board of managers convened, the remaining 14, being all the members in esse, properly constituted the board, and might act by a majority of the 14."

We conclude that "*all* the members of the legislative body" means the same as "the members of the *whole* council" which was discussed in the Nalle case; and that it means all the members in esse and qualified to act.

The judgment of the trial court is affirmed.