

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 6, 1974

The Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College & University System
P.O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 322

Re: Whether tuition equalization
grants (Sec. 61.228, Texas Educa-
tion Code) may be extended to
graduate students.

Dear Dr. Reed:

In 1971 the Texas Legislature adopted a program of tuition equalization
grants designed to aid needy students in approved private Texas colleges and
universities in meeting their financial affairs. (Acts 1971, 62nd Leg.,
ch. 828, p. 2529).

In 1973 the program was re-enacted as subchapter F of Chapter 61
of the Education Code (Acts 1973, 63rd Leg., ch. 51, p. 78) and now appears
as Sections 61.221 through 61.229 of the Education Code.

Eligibility for the grants is set out in Sec. 61.225:

> To be eligible for a tuition equalization grant, a person must:
>
> (1) be a Texas resident as defined by the coordinating
> board and meet, at a minimum, the resident requirements
> defined by law for Texas resident tuition in fully state-
> supported institutions of higher education;
>
> (2) be enrolled as full-time student in an approved
> college or university;
>
> (3) be required to pay more tuition than is required
> at public college or university;

(4) establish financial need in accordance with procedures and regulations of the coordinating board;

(5) not be a recipient of any form of athletic scholarship; and

(6) have complied with other requirements adopted by the coordinating board under this subchapter.

The 1971 Act called for implementation of the Act gradually, starting with freshmen that year. The 1973 Act incorporated the same provisions as Sec. 61.228 of the Code:

Sec. 61.228. Implementation of Grant Program

This subchapter applies to freshmen (first year) students beginning at the fall semester of 1971; to freshmen and sophomores in 1972; to freshmen, sophomores, and juniors in 1973; and to all students attending approved private institutions in 1974 and thereafter.

You have asked whether the statute extends eligibility in 1974-1975 to eligible students enrolled in graduate and professional schools.

The captions of the 1971 and 1973 acts shed no light. We are relegated to the language of each statute, therefore, in determining coverage.

Section 61.228, supra, makes the program available to "all" eligible students in 1974 and thereafter.. "All" must be given its ordinary meaning. Article 10, V.T.C.S. It means "The whole number, quantity or amount." Webster's New International Dictionary, 2d Ed. It means, in 1974 and thereafter, all the students in being who meet the eligibility requirements of Sec. 61.225.City of Alamo Heights v. Gerety, 264 S.W. 2d 778 (Tex. Civ. App., San Antonio, 1954, no writ hist.) After 1973, Section 61.228 no longer imposes any limitation based on the students' class.

For us to hold that in 1974 and thereafter the tuition equalization grant program did not apply to graduate students and students in professional schools would require that we read into the law something which is not there and has not been expressed by the Legislature.

## SUMMARY

In 1974 and thereafter, the tuition equalization grant program (Secs 61.225, et seq. Education Code, V.T.C.S.) is available to graduate and professional students who meet the statutory requirements.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee