## BOARD OF COUNTY COMMISSIONERS OF ST. MARY'S COUNTY *v.* ROBERT OLIVER GUYTHER ET AL.

[No. 799, September Term, 1977.]

*Decided September 6, 1978.*

The cause was argued before THOMPSON, DAVIDSON and MOORE, JJ.

*Joseph Ernest Bell, II, County Attorney,* for appellant.

*Oliver R. Guyther* for appellees.

DAVIDSON, J., delivered the opinion of the Court.

The appellant, the Board of County Commissioners of St. Mary's County (Board) is composed of five members.[1] On 8 September 1976, the Board met. All five members were present. The minutes of that meeting show that when an application, filed by the appellees Robert Oliver Guyther and

---

1. St. Mary's County, Md. Code of Public Local Laws, § 16 (a) (1965, 1974 Supp.).

another (owner), to reclassify a 29 acre parcel of land from the AR-2 zone (Agricultural-Residential) to the C-2 zone (Highway Commercial) was to be considered, two members, Commissioners Millison and McKay, excused themselves because of a conflict of interest. The three remaining members, Commissioners Dean, Jarboe and Parlett, held a hearing on the application. On 21 October 1976, these three Commissioners voted to deny the application.

The owner appealed. On 15 July 1977, in the Circuit Court for St. Mary's County, Judge Jacob S. Levin entered an order which reversed the decision of the Board and directed it to grant the requested reclassification.

On 3 August 1977, the Board again met. Four of the Board's five members, Commissioners McKay, Millison, Dean and Parlett, were present. The minutes of this meeting show that when the matter of the Circuit Court's order directing reclassification was to be considered, Commissioner Millison excused himself from the meeting "because of possible conflict of interest." Commissioner McKay "offered to provide the applicant with a letter stating that he would have no business interest in the property in question for the remainder of his term as County Commissioner if it would help his cause." Commissioner Parlett made a motion to appeal the Circuit Court's decision. Commissioner Dean seconded the motion, and he and Commissioner Parlett voted in its favor. Commissioner McKay abstained. The facts that on 8 September 1976 Commissioner McKay disqualified himself because of a conflict of interest from participation in the hearing on the application for rezoning, that on 21 October 1976 he did not vote on that application, and that his statement on 3 August 1977 did not clearly indicate that his conflict of interest had terminated, establish that his reason for abstaining from the vote to appeal was his disqualification because of conflict of interest.

In this Court the owner filed a motion to dismiss the appeal. He contends that because Commissioner McKay had disqualified himself because of a conflict of interest, he was incompetent to act even though he was physically present when the vote to appeal was taken. As a result, he asserts,

there were then only two members of the Board competent to act and that number was insufficient to constitute a quorum. He maintains that, in the absence of a quorum, the Board's determination to appeal was invalid. He concludes that the appeal was not taken pursuant to law and should be dismissed.

The question of whether a quorum must be constituted of persons competent to act was considered by the Court of Appeals in *Hagerstown Furniture Co. v. Baker*.[2] There, a corporation had five directors, two of whom had died and one of whom was disqualified from acting because he had been appointed receiver of the corporation. The three living directors met and executed a bond. The Court of Appeals held that there had not been a properly constituted quorum and that the action of the directors was invalid.[3] This case establishes that a person present but incompetent to act because of disqualification cannot serve as a constituent part of a quorum.[4]

This rule, applied in Maryland to private corporations, has generally been applied elsewhere[5] to both municipal[6] and private corporations.[7] We shall apply it here.[8]

The Code of Public Local Laws of St. Mary's County, § 16 (a),[9] provides that a majority of the five members of the Board constitutes "a quorum for the transaction of business." At common law and under most statutes requiring a quorum for

---

2. 158 Md. 574, 149 A. 556 (1930).

3. 158 Md. at 585-86, 149 A. at 561-62.

4. *See also* Valle v. Pressman, 229 Md. 591, 605, 185 A. 2d 368, 377 (1962) (concurring opinion).

5. *But see* City of Alamo Heights v. Gerety, 264 S.W.2d 778, 779-80 (Tex. Civ. App. 1954).

6. 4 E. McQuillin, *The Law of Municipal Corporations* § 13.35a at 533 (3d ed. rev. vol. 1968); 2 J. Dillon, *Commentaries on the Law of Municipal Corporations* §§ 521, 524 (5th ed. 1911).

7. 2 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 426 at 280-81 (rev. vol. 1969).

8. *Zeiler v. Central Ry.*, 84 Md. 304, 35 A. 932 (1896), relied upon by the Board, is inapposite. In that case, the Court of Appeals neither considered nor decided the question, raised here, of whether a person present but incompetent to act can serve as a constituent part of a quorum.

9. St. Mary's County, Md. Code of Public Local Laws § 16 (a) (1965, 1974 Supp.).

"the transaction of business," the passage of any motion in the absence of a quorum is void.[10]

Here, two members of a five member Board were incompetent to act because they disqualified themselves on the ground of conflict of interest. Had the three members of the Board competent to vote on the question of whether to appeal been present, there would have been a quorum. Because only two competent members were present, however, a quorum did not exist. In the absence of a quorum, the vote on the motion to appeal was void. Accordingly, we shall dismiss the appeal.[11]

*Appeal dismissed.*
*Costs to be paid by appellant.*

---

10. Gemeny v. Prince George's County, 264 Md. 85, 88-89, 285 A. 2d 602, 604 (1972); Murdoch v. Strange, 99 Md. 89, 110, 57 A. 628, 630 (1904).

11. Md. Rule 1035 b 1.