**Jack HANNAN et al., Appellants,**

v.

**CITY OF COPPELL, Appellee.**

**No. 19897.**

Court of Civil Appeals of Texas, Dallas.

May 21, 1979.

Rehearing Denied July 10, 1979.

---

Morris I. Jaffe, Wynne & Jaffe, Dallas, for appellants.

Lawrence W. Jackson, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal concerns the validity of a City of Coppell ordinance changing the zoning classification of a tract of land. Appellants argue the ordinance is invalid because the Coppell City Council was not duly constituted at the time the ordinance was passed and because the required three-fourths vote to pass the ordinance was not obtained. The issue is whether the required three-fourths vote was obtained with only four out of five councilmen present. The trial court held the ordinance valid and we affirm.

Coppell is a general laws city governed by Tex.Rev.Civ.Stat.Ann. arts. 961–1132 (Vernon 1963). Councilman Don Carter was not present on January 10, 1978, when the ordinance was passed. At an earlier regular meeting, Carter had announced that he was disqualified from voting on the proposed ordinance. Before the meeting on January 10th, he was severely injured. The first act of the council on January 10th was to pass a resolution which stated:

WHEREAS, Councilmember Don Carter was recently injured in a plane crash; and

WHEREAS, he is presently confined to the hospital and will be disabled and prevented from attending future council meetings for some period of time; NOW, THEREFORE,

BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF COPPELL, TEXAS:

SECTION 1. That because of Councilman Carter's disability and the fact that he will be unable to attend future council meetings for sometime, his absence from such future meetings shall be considered as excused absences; however, for the purpose of voting and determination of quorum, his office shall be considered vacant until such time as his physical condition will permit him to return to his duties as City Councilman.

SECTION 2. The City Council further finds that Councilman Carter has heretofore publicly announced to the City Council at regular session that he is disqualified because of interest in any vote which might be taken upon the Fox & Jacobs' zoning change application which is presently pending before the City Council.

The council then passed the ordinance in question by a vote of three to one.

The parties agree that under Tex.Rev. Civ.Stat.Ann. art. 977 (Vernon 1963) the City Council of Coppell is composed of a mayor and five councilmen and that under Tex.Rev.Civ.Stat.Ann. art. 1011e (Vernon Supp.1978–1979), the number of votes required to pass the ordinance is "three-fourths of all members of the legislative body." Appellants contend, however, that three-fourths of five is the necessary vote to pass the ordinance. We disagree and affirm the trial court on the basis of *City of Alamo Heights v. Gerety*, 264 S.W.2d 778, 780 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.). In that case an application for rezoning was denied by a three-fourths vote of four councilmen. All five councilmen were present but one disqualified himself. The court upheld the validity of the council's action by holding first, that a disqualification is the same as a vacancy when determining the number of members of the council, and second, that "all the members of the legislative body" (art. 1011e before it was amended) means "all the members in esse and qualified to act." Following *City of Alamo Heights,* we hold that only three votes out of four were needed to pass this ordinance.

Appellant argues *State v. Etheridge*, 32 S.W.2d 828 (Tex.Comm'n App.1930, judgm't adopted) is contrary to *City of Alamo Heights.* We agree with appellee that *Etheridge* is consistent with the holding of *City of Alamo Heights* that all members of the legislative body means "all the members in esse and qualified to act." In *Etheridge* a city ordinance passed by a two-thirds vote of only three of the five members present was declared invalid. *Etheridge* did not discuss the effect of a vacancy or disqualification on the required number of council members necessary to pass an ordinance.

Because we hold the Coppell City Council as it met on January 10, 1978, was a duly constituted city council and the ordinance in question was passed by three-fourths of the council, we affirm.