

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 13, 2006

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0412

Re: Voting procedures for Board of Managers of
Harris County Hospital District (RQ-0395-GA)

Dear Mr. Stafford:

You ask the following questions about the approval of actions by the Board of Managers of the Harris County Hospital District:

> 1. Whether the board of managers of a hospital district created pursuant to Chapter 281 of the Health [and] Safety Code must approve an action based on a vote of (1) a majority of a quorum present and voting or (2) a majority of all of the members present?
>
> 2. Should the governing body consider abstentions, whether due to a conflict of interest or a refusal to participate, of its members in its determination of the final vote?[1]

You ask in general about hospital districts created pursuant to Health and Safety Code chapter 281, but the information you provide pertains exclusively to the Harris County Hospital District. We will limit our answer accordingly.

The Harris County Hospital District Board of Managers (the "Board") consists of nine members[2] appointed by the Harris County Commissioners Court. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.021(c) (Vernon Supp. 2005) (the "Harris County Commissioners Court shall appoint a board composed of not less than seven or more than nine members"). Neither chapter 281 nor any

---

[1]Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Sept. 13, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Memorandum Brief from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Sept. 13, 2005) at 1 (attached to Request Letter) [hereinafter Stafford Brief].

other statute establishes quorum requirements or voting requirements for hospital district boards. However, the Board has adopted bylaws governing its meetings, including the following provisions:

> Article VIII
> Meetings
>
> . . .
>
> (6)    Quorum
> *The presence of the majority of the Board of Managers shall constitute a quorum for the transaction of business.*
>
> . . .
>
> Article IX
> Procedures for Meetings
>
> . . .
>
> 3.    Rules of Order
> a.    *Robert's Rules of Order[3] shall govern the proceedings of the meetings of the Board of Managers in all matters not inconsistent with these Bylaws or the Constitution and laws of the State of Texas. Notwithstanding anything contained in such Rules to the contrary, the Chairman of the Board of Managers may vote on any matter before the Board.*
>
> . . .
>
> Article XVII
> Amendments and Alterations
> (6)    Suspension of Bylaws
> *The suspension of a Bylaw*, not in conflict with applicable laws, *shall require a majority vote of the Board of Managers present* at an official meeting.

Stafford Brief, *supra* note 2, at 1–2.

The quorum requirement established by article VIII(6) is consistent with Government Code section 311.013(b), which provides that "[a] quorum of a public body is a majority of the number of members fixed by statute." TEX. GOV'T CODE ANN. § 311.013(b) (Vernon 2005). A governmental body such as the Board may adopt provisions of Robert's Rules of Order to govern its meetings, as long as the adopted provisions are consistent with the Texas Open Meetings Act and other laws applicable to the governing body. *See* Tex. Att'y Gen. Op. No. DM-228 (1993) at 3.

Your questions relate to a vote taken at a Board meeting on July 28, 2005, when the Board considered awarding a contract and voted on the measure. Stafford Brief, *supra* note 2, at 1. Seven Board members were present when the meeting began, but only six members were present when the

---

[3]Robert's Rules of Order codifies present-day parliamentary law. *See* H. ROBERT'S RULES OF ORDER, NEWLY REVISED (10th ed.), p. XXV.

vote was taken. *Id.* The vote to award the contract, subject to drafting and executing a final agreement, was as follows:

| | |
|---|---|
| For: | three Board members |
| Against: | two Board members |
| Abstention: | one Board member |
| Absent: | three Board members |

*See id.* Thus, a quorum was present when the vote was taken, and the vote was three to two in favor of awarding the contract, one Board member abstaining. You wish to know whether this measure passed and in particular what effect, if any, the abstention had.

We address your questions together. We look to Robert's Rules of Order, which the Board has adopted to govern its meetings. *See* Stafford Brief, *supra* note 2, at 2 (quoting Board bylaws Article IX(3)). Robert's Rules of Order states that the term "majority vote" means "more than half of the votes cast by persons legally entitled to vote, excluding blanks or abstentions, at a regular or properly called meeting at which a quorum is present." H. ROBERT'S RULES OF ORDER, NEWLY REVISED (10th ed.), p. 387, l. 9–13. This rule is consistent with the common-law rule as stated by the Texas Supreme Court in *Webster v. Texas & Pacific Motor Transport Co.*, 166 S.W.2d 75 (Tex. 1942):

> [T]he ordinary rule in the absence of special restrictions being that a quorum can act and a majority of the quorum bind the body. . . . Thus, were the body composed of twelve members, a quorum of seven could act, and a majority of that quorum, four, could bind the body. An unscrupulous minority of four by withholding notice to five, might thus bind both the body and the corporation.

*Webster*, 166 S.W.2d at 77. *See State v. Etheridge*, 32 S.W.2d 828, 830 (Tex. Comm'n App. 1930) (favorable vote by majority present and voting is generally sufficient to adopt a measure); *Tex. State Bd. of Dental Exam'rs v. Silagi*, 766 S.W.2d 280, 284 (Tex. App.—El Paso 1989, writ denied) (license was revoked when seven members of a twelve-member board participated in the hearing, all seven participating members found the allegations to be true, and four of the seven voted to revoke license).

Because the Board has adopted Robert's Rules of Order, it should not consider abstentions in determining the final vote.[4] *See* H. ROBERT'S RULES OF ORDER, NEWLY REVISED (10th ed.), p. 387, l. 11–12. Thus, the Board must approve an action by a majority vote of the members present

---

[4]We note that "an ancient common law rule . . . deems a member of a body who abstains from a vote to acquiesce in the action favored by a majority of the members voting" but this "rule has been distinguished, rejected, or ignored about as often as it has been followed." *Meador-Brady Mgmt. Corp. v. Tex. Motor Vehicle Comm'n*, 866 S.W.2d 593, 596–97 (Tex. 1993) (citing cases from other states). The Texas Supreme Court has never applied it. *See id.*

and voting at a meeting where a quorum is present. Abstentions are not counted in determining the vote.

The rule stated in Robert's Rules of Order will not apply to a vote if a statute or constitutional provision requires a majority vote of all persons elected to a governmental body. Article III, section 39 of the Texas Constitution, for example, provides that a law adopted by the legislature shall not take effect "until ninety days after the adjournment of the session . . . , unless the Legislature shall, by a vote of two thirds of *all the members elected to each House*, otherwise direct." TEX. CONST. art. III, § 39; *see Caples v. Cole*, 102 S.W.2d 173, 175 (Tex. 1937). *See also Etheridge*, 32 S.W.2d at 829–30 (statute required a two-thirds vote of entire city council). We find no such statute applicable to the Board.

## S U M M A R Y

The Board of Managers of the Harris County Hospital District has adopted Robert's Rules of Order to govern its meetings. Pursuant to Robert's Rules of Order, the Board must approve an action by a majority vote of the members present and voting at a meeting where a quorum is present. Abstentions are not counted in determining the outcome of the vote.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee